UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-03418-FWS-DFM | Date: | December 30, 2025 |
|---|---|---|---|
| Title | Melisa Aguilar Centes et al v. James Janecka et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

    On December 17, 2025, Petitioners filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 (the "Petition"). Petitioner Melisa Aguilar Centes alleges that she is a 23-year-old national and citizen of El Salvador who had resided in the United States for over 12 years. Id. ¶ 10. Petitioner Maribel Catalan Ramirez alleges that she is a 52-year-old national and citizen of Guatemala who had resided in the United States for over 19 years. Id. ¶ 11. Petitioners allege that they are being unlawfully detained by Respondents in violation of, inter alia, 8 U.S.C. § 1226(a). See generally id.

    Federal Rule of Civil Procedure 20(a)(1) allows persons to join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (B) "any question of law or fact common to all plaintiffs will arise in the action." "Even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citation omitted).

    Under Rule 20(b), the district court may sever claims or parties to avoid prejudice. In addition, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "sever any claim against a party." Fed. R. Civ. P. 21.

    Here, it is not apparent that Petitioners' claims arise from the same transaction, occurrence, or series of transactions or occurrences. Accordingly, Petitioners are ordered to show cause within seven (7) days why the Court should not sever Petitioners' claims into separate habeas petitions. In lieu of a written response, Petitioners may file a First Amended Petition in the name of only one Petitioner. Of course, the other Petitioner would be free to initiate her own, separate petition.